IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PISKANIN,** | : | **CIVIL NO. 1:15-CV-1891** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL, SECRETARY** | : | |
| **AND BOARD, PENNSYLVANIA** | : | |
| **BOARD OF PROBATION AND** | : | |
| **PAROLE, WEXFORD MEDICAL** | : | |
| **CONTRACTOR,** | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1)[1], filed by Michael J. Piskanin ("Piskanin"), an inmate confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania. Piskanin seeks to proceed *in forma pauperis*. (Doc. 4). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be dismissed without prejudice.

---

[1] Piskanin indicates that he filed the instant habeas petition pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254. (Doc. 1 at 1).

I.  **Background**

Piskanin identifies himself as a "Federal Law Enforcement Operative Contractor Employee" ("FLEOCE"), and alleges that defendants, and members of the "unholy trio gang", conspired to falsely arrest and convict him. (Doc. 1). He claims that he "is being held illegally" in violation of the United States Constitution. (Id. at 1). Piskanin states that "[t]he instant petition specifically challenges 'conditions of confinement' and related violations of petitioner's civil, constitutional rights secured by the U.S. Constitution and it's [sic] amendments 1, 4, 5, 6, 8, 9, 14 and federal law." (Id. at 4). He claims that he was denied access to the courts, he was obstructed in pursuing appeals of his underlying convictions, he was religiously and physically assaulted, and he received inadequate medical care. (Id. at 3-6).

In a supplement to the habeas petition, Piskanin alleges, *inter alia*, that he is being held illegally in violation of the "Uniform Extradition act" and the "Interstate Agreement on Detainers." (Doc. 6 at 1). He again claims that defendants violated his rights secured by the United States Constitution. (Id.) Specifically, Piskanin states that he was denied access to the courts, and he received inadequate medical care. (Id.)

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention,

2

and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

    Piskanin claims that he was subjected to unconstitutional conditions of confinement, his ability to access the courts was obstructed, he was religiously and physically assaulted, and he was denied medical treatment. However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Because Piskanin is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.

    To the extent that Piskanin challenges the detainer lodged by the state of New Jersey, this court lacks jurisdiction. See (Doc. 6). Such a challenge must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

    Finally, Piskanin seeks recusal of the undersigned, and requests that the instant matter be transferred to the United States Supreme Court "for assignment of this petition to a fair and impartial court." (Doc. 1 at 2-3, 7). A court's rulings in a particular case will not support a request for recusal. United States v. Veteto,

701 F.2d 136, 140 (11th Cir. 1983).  Rather, recusal is only appropriate when it appears that a judge has "bias generated from a source outside the context of the judicial proceeding."  Id.  A court should recuse itself only if it is shown that the judge's impartiality might reasonably be questioned.  BML Group v. U.S. Pizza, 1991 WL 259224 *1 (E.D. Pa. 1991).  This court has no bias against Piskanin and his instant request appears to merely represent his dissatisfaction with prior rulings made by the court, and his general dissatisfaction with the federal court system.  Any disagreement with the court's prior rulings does not support Piskanin's claim of bias and is not a sufficient basis for recusal.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Thus, Piskanin's request for recusal will be denied.

      An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:    November 9, 2015